```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVEN FISCHKOFF,                                 :

                    Plaintiff,                    :    ORDER

    -v.-                                          :
                                                       17 Civ. 5041 (AT) (GWG)
LION BIOTECHNOLOGIES, INC. et al,                 :

                    Defendant.                    :
-----------------------------------------------------------------X
```
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

  The Court has reviewed the parties' letters (docketed as ## 190 and 191) regarding the locations of depositions and number of days.

Huh

  Inasmuch as she is not an officer of Iovance, there is little argument to be made that the deposition of Christine Huh should take place anywhere other than the district of her residence. Accordingly, it shall take place at her district of residence or, if plaintiff elects, by videoconference.

  Plaintiff has not met his burden of showing why this deposition cannot be completed in 7 hours. This ruling does not prevent plaintiff from seeking additional time if he can show good cause in a separate application, compliant with paragraph 2.A of the Court's Individual Practices, made following the conclusion of the deposition.

Fardis

  The Court finds that the plaintiff has not overcome the presumption that a corporate officer should be deposed at her place of business or residence. Plaintiff's position is premised in part on an incorrect assumption: that defendants voluntarily chose New York as a forum by removing the case to federal court in New York and by asserting counterclaims. However, the removal did not cause any change in venue and it was obviously more efficient from a judicial perspective (and presumably plaintiff's perspective) for defendants to have brought any permissive counterclaims in the same action rather than instituting a separate action in California (and of course any compulsory counterclaims had to be brought in this action). Because defendants' counsel are willing to go to California, the Court views it as being roughly the same burden for plaintiff's attorney to travel to California as it is for the witness to travel New York. Given the ability to transport documents as computer images, the transportation of such documents does not figure into the Court's analysis. Where there is equal inconvenience to a witness and to counsel, and where no other factors favor a particular location, the convenience of the witness must prevail.

Accordingly, the deposition shall take place at the district of Dr. Fardis's residence or, if plaintiff elects, by video-conference.

As to the number of hours for the deposition, the Court recognizes that Dr. Fardis is likely to have significant information regarding the claims in this case — particularly since she is also being designated as a Rule 30(b)(6) witness. Accordingly, plaintiff is permitted up to 14 hours for this deposition. This of course is not a warrant for repetitive or burdensome questioning.

Dates

The dates for the depositions (including the plaintiff's deposition) should be on the dates most convenient for the witnesses and counsel without regard to the discovery deadline. If it is necessary to extend the discovery deadline by a short period, that is acceptable. This, however, should not be taken to invite or condone any delay in providing counsel for defendants proposed dates for plaintiff's deposition. If the parties cannot agree on dates, they shall each present their proposals for dates for each witness to the Court. The proposal shall include a calendar of all possible dates and the reason why the witness should not be deposed on each date. The Court will then chose the dates for the depositions. It is strongly suggested that the parties not go down this route as they are rarely happy with the Court's choices.

Finally, while both sides have engaged in unwarranted attacks, the Court notes that plaintiff's attacks on the motivations of defendants are particularly unseemly and unsupported. It is far more likely that defendants do not wish witnesses to be burdened with the inconvenience of travel then it is that their "sole" motive is to "obstruct and curtail Plaintiff's ability to effectively depose key relevant witnesses." (Docket # 188).

The attacks on opposing counsel have the precise opposite effect on the Court of what counsel presumably intended and shall cease forthwith.

SO ORDERED.

Dated: December 23, 2019
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge