```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
STEVEN FISCHKOFF,

                                Plaintiff,

        -against-

IOVANCE BIOTHERAPEUTICS, INC. f/k/a LION
BIOTECHNOLOGIES, INC., and MARIA FARDIS,

                                Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2020

17 Civ. 5041 (AT) (GWG)

**ORDER**

ANALISA TORRES, District Judge:

On December 23, 2019, the Honorable Gabriel W. Gorenstein issued an order (the "December 23 Order") setting the locations and lengths of time allowed for two depositions in this matter. ECF No. 192. Judge Gorenstein held that the deposition of Christine Huh should take place in her district of residence, and that 7 hours would be allowed for her deposition. *Id.* at 1. Ms. Huh's district of residence is in California. *See* Pl. Obj. at 1, ECF No. 193. Likewise, Judge Gorenstein held that the deposition of Dr. Maria Fardis should take place in California, her district of residence, and allowed 14 hours for her deposition. December 23 Order at 1–2. On December 24, 2019, Plaintiff filed objections to that order. Pl. Obj. at 1. On January 2, 2020, Defendants filed their response. Def. Resp., ECF No. 194. Under Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside a magistrate judge's non-dispositive rulings that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Court, therefore, reviews the December 23 Order for clear error.

Plaintiff argues, as to both witnesses, that Judge Gorenstein erred in applying the presumption that a witness should be deposed in his or her place of residence. *See, e.g.*, *Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88 Civ. 2670, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990) ("Ordinarily, the proper place for taking an individual's deposition is his or her place of residence."). Having chosen the forum, "the plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents." *Gulf Union Ins. Co. of Saudi Arabia v. M/V LACERTA*, No. 91 Civ. 2814, 1992 WL 51532, at *5 (S.D.N.Y. Mar. 9, 1992) (internal quotation marks and citation omitted). "This presumption can be overcome when the plaintiff demonstrates peculiar circumstances. Courts also apply a three factor analysis to determine whether the presumption should be suspended, examining cost, convenience and litigation efficiency." *Id.* (internal quotation marks and citations omitted).

Plaintiff has failed to demonstrate that Judge Gorenstein's ruling that peculiar circumstances overcoming that presumption do not exist in this case was clearly erroneous. Plaintiff's argument that Defendants "voluntarily chose to litigate this action in the Southern District of New York," Pl. Obj. at 1–2, was rejected by Judge Gorenstein, and with good reason. As Judge Gorenstein observed, it is Plaintiff that chose to file this action in New York; Defendants merely *removed* this action to the Southern District of New York from state court and asserted counterclaims. December 23 Order at 1. Defendants cannot be said to have chosen this forum in any meaningful sense. Plaintiff also argues that in holding that the inconvenience on counsel of traveling to California was roughly equal to the inconvenience on the witnesses of

traveling to New York, Judge Gorenstein overlooked the burden on Plaintiff of transporting documents to California for the deposition, because "exhibits must be printed out to both identify and offer them into evidence." Pl. Obj. at 3. But the need to bring printed documents to a deposition is not a "peculiar circumstance[]." It is an ordinary cost of litigation, and unlikely to impose a significant burden on the parties. Plaintiff further argues, relying on *Six West Retail Acquisition v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001), that holding the deposition in New York is justified by the significant resource disparity between Plaintiff, an individual, and Defendants, a large corporation and its officer. Plaintiff did not make this argument to Judge Gorenstein, *see generally* ECF No. 190, and "arguments made for the first time in objection are waived." *Yunus v. Robinson*, No. 17 Civ. 5839, 2019 WL 168544, at *7 (S.D.N.Y. Jan. 11, 2019). But in any event, *Six West* involved potential travel to Japan for a deposition, and other cases where a resource disparity between the parties has tipped the balance have likewise involved costly international travel. *See Six West*, 203 F.R.D. at 108; *see also, e.g.*, *La Antilliana*, 1990 WL 155727, at *2–3. The potential need for counsel to travel to California does not raise the same concerns of placing an unmanageable burden on the less-resourced party, and certainly does not render clearly erroneous Judge Gorenstein's determination that cost, convenience, and litigation efficiency are better served by holding the depositions in California.

Finally, Plaintiff asserts that "the Magistrate's decision was unduly influenced by what the Court perceived to be an 'attack' on opposing council." Pl. Obj. at 1. Plaintiff refers to Judge Gorenstein's observation that "[w]hile both sides have engaged in unwarranted attacks . . . [P]laintiff's attacks on the motivations of [D]efendants are particularly unseemly and unsupported." December 23 Order at 2. Judge Gorenstein admonished the parties that "attacks on opposing counsel have the precise opposite effect on the Court of what counsel presumably intended and shall cease forthwith." *Id.* Far from indicating any legal error, these statements were entirely warranted. Spurious attacks on the motives of opposing counsel are counterproductive and have no place in litigation before this Court. The same can be said of unfounded assertions that a magistrate judge's ruling was founded on bias. Accordingly, Plaintiff's objections are OVERRULED.

Defendants seek an award of attorney's fees in connection with these objections under Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure. Def. Resp. at 3. Rule 37(a)(5)(B) provides that when a discovery motion is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Accordingly, it is ORDERED that by **January 14, 2020**, Plaintiff's counsel shall show cause in writing, in a letter not to exceed five pages, why they should not be required to pay fees under that provision.

For the foregoing reasons, Plaintiff's objections are OVERRULED and the December 23 Order is AFFIRMED.

SO ORDERED.

Dated: January 7, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

2