```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| STEVEN FISCHKOFF, | |
| Plaintiff, | |
| -against- | 17 Civ. 5041 (AT) (GWG) |
| IOVANCE BIOTHERAPEUTICS, INC. f/k/a LION BIOTECHNOLOGIES, INC., and MARIA FARDIS, | **ORDER** |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/2020

ANALISA TORRES, District Judge:

On December 23, 2019, the Honorable Gabriel W. Gorenstein issued an order setting the locations and lengths of time allowed for two depositions in this matter. ECF No. 192. On December 24, 2019, Plaintiff filed objections to that order. Pl. Obj., ECF No. 193. On January 2, 2020, Defendants filed their response. Def. Resp., ECF No. 194. In that response, Defendants sought an award of attorney's fees incurred in opposing the objections under Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure. *Id.* at 3. On January 7, 2020, the Court overruled Plaintiff's objections, and ordered Plaintiff's counsel to show cause why they should not be required to pay attorney's fees. ECF No. 195. On January 14, 2020, Plaintiff's counsel filed a letter in response to the Court's order to show cause. ECF No. 196. Having reviewed Plaintiff's submission, the Court DENIES Defendants' motion for attorney's fees.

Rule 37(a)(5)(B) provides that when a discovery motion is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." The requirement that a motion be "substantially justified" is not a high bar: "Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) (internal quotation marks omitted). Plaintiff's position was not a strong one, and some of his arguments were unsupportable—in particular, the argument that Defendants "voluntarily chose to litigate this action" in New York, Pl. Obj. at 2, when in fact they merely removed the action from New York state court to federal court; and the insinuation that the magistrate judge had acted improperly in admonishing Plaintiff's counsel to refrain from personal attacks on opposing counsel, *id.* at 1, 4. But Plaintiff also made several non-frivolous arguments, and reasonable people could differ on how to apply the multifactor balancing test governing the proper location of depositions to these circumstances.

Accordingly, Defendants' motion for attorney's fees is DENIED.

SO ORDERED.

Dated: January 15, 2020
　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　ANALISA TORRES
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge